UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

**SHANNEN ANTHONY,**
                  **Plaintiff,**

    v.                                    C.A. No.

**THE LOG CABIN BANQUET
AND MEETING HOUSE, INC.,**
                  **Defendant.**

## COMPLAINT

### INTRODUCTION

1. The Plaintiff, Shannen Anthony, ("Plaintiff" or "Anthony"), brings this complaint against Defendant, The Log Cabin Banquet and Meeting House, Inc., ("Defendant" or "The Log Cabin"), to recover unpaid overtime wages owed to her under the Fair Labor Standards Act ("FLSA") and timely payment of said wages under Massachusetts General Law chapter 149, section 148. At all times relevant, Ms. Anthony worked for Defendant as a non-exempt Assistant Manager. She typically worked well in excess of forty hours a week. Defendant failed to pay overtime wages at rate of one and one-half times her regular hourly rate for all hours worked in excess of forty per week. Therefore, Plaintiff seeks recovery for her unpaid wages including liquidated damages, and costs, and attorney's fees.

### PARTIES

2. Plaintiff, Shannen Anthony, is a resident of 36 O'Connor Avenue, Holyoke, Hampden County, Massachusetts.

1

3. Defendant, The Log Cabin Banquet and Meeting House, Inc., is a domestic for-profit company with its principal location at 500 Easthampton Road, Holyoke, Hampden County, Massachusetts.

## JURISDICTION AND VENUE

4. This Court has Jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("FLSA"), pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. Plaintiff, Shannen Anthony, was employed by Defendant's coffee shop, Mt. Joe to Go, beginning on or around August 15, 2011 through May 11, 2017.

7. In January 2016, Plaintiff became the Assistant Manager of Mt. Joe to Go.

8. From January 1, 2016 through January 30, 2017, Plaintiff earned an annual salary of $31,000.00 regardless of the number of hours worked per week.

9. From February 1, 2017 through May 11, 2017, Plaintiff's annual salary was reduced to $27,664.00, however she became entitled to receive limited commissions on gross sales.

10. Defendant did not compensate Ms. Anthony at a rate of one and one half times her hourly rate for hours worked in excess of forty during this time period.

11. At all times relevant to this complaint, Ms. Anthony worked an average of fifty hours per week.

12. At the time of her separation, Plaintiff had worked approximately 670 hours in excess of forty per week in which Defendant was required, but failed, to pay her an overtime premium.

13. Defendant failed to timely pay Ms. Anthony for all of her wages when due under state law.

14. On June 9, 2017, the Commonwealth of Massachusetts, Office of the Attorney General, issued an Authorization for a Private Right of Action against the employer. (See attached as Exhibit "A").

**COUNT I:**
**FAILURE TO PAY OVERTIME COMPENSATION**
**IN VIOLATION OF THE FLSA, 29 U.S.C. § 207(a)(1)**

15. Plaintiff repeats and realleges the allegations set forth in the above paragraphs.

16. The Log Cabin is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that its employees are engaged in interstate commerce and its annual gross volume of sales made or business done exceeds $500,000.00 exclusive of excise taxes.

17. The Fair Labor Standards Act, 29 U.S.C. § 207, provides that employers who employ employees for a workweek in excess of forty hours shall compensate those employees for all hours worked in excess of forty hours per week at the rate of time-and-a-half their regular hourly rate.

18. Defendant regularly employed Plaintiff to work in excess of forty hours per week but failed to compensate her for the hours worked in excess of forty per week at the proper time-and-a-half rate.

19. Defendant's repeated, willful, and intentional failure to pay Plaintiff proper overtime wages violates the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

20. Wherefore, Plaintiff is entitled to recover damages. 29 U.S.C. §§ 201 *et seq*.

## COUNT II:
## FAILURE TO PAY TIMELY WAGES IN VIOLATION OF
## THE WAGE ACT, M.G.L. c. 149 § 148

21. Plaintiff repeats and realleges the allegations set forth in the above paragraphs.

22. Defendant failed to pay Plaintiff her wages in entirety within the time frame as set forth in M.G.L. c. 149, § 148.

23. Wherefore, Plaintiff is entitled to recover three times the amount of her unpaid wages plus interest, costs and reasonable attorney's fees. M.G.L. c. 149, § 150.

## DEMAND FOR RELIEF

Plaintiff requests a trial by jury on her claim.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Restitution for all unpaid wages in the amount to which she is entitled,

2. Liquidated damages under the FLSA;

3. Statutory trebling of all damages for claims under M.G.L. c. 149, § 150;

4. Such pre-judgment and post-judgment interest as may be permissible by law;

5. The costs of this action, including reasonable attorney's fees; and

4. Any other relief to which Plaintiff may be entitled.

## JURY DEMANDED

A jury trial is hereby demanded.

Dated: June 28, 2017                    Respectfully submitted,
                                        SHANNEN ANTHONY
                                        By Her Attorney,


                                        /s/ Raymond Dinsmore
                                        Raymond Dinsmore, Esq.
                                        60 Masonic Street, Suite E
                                        Northampton, MA 01060
                                        Ph (413) 341-3639
                                        Fax (413)341-3640
                                        rdinsmore@dinsmorestark.com
                                        BBO No. 667340